# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY HILL also known as PERCY EDWIN STOCKTON,<br><br>Plaintiff,<br><br>v.<br><br>ALPINE SHERIFF DEPARTMENT, et al.,<br><br>Defendants. | Case No.: 18cv2470-CAB-MDD<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR RULE 37 SANCTIONS AGAINST PLAINTIFF**<br><br>[ECF No. 22] |

On January 30, 2019, Plaintiff Percy Hill ("Plaintiff"), proceeding *pro se*, filed the operative Second Amended Complaint against Defendants County of San Diego, Eric Garcia, Cathy Allister, Freddy Herrero, Matthew Addenbrooke, and Officer Balinger (collectively, "Defendants"). (ECF No. 8, hereinafter "SAC"). On September 9, 2019, Defendants County of San Diego, Eric Garcia, Cathy Allister, Freddy Herrero, and Matthew Addenbrooke (collectively, "moving Defendants")[1] filed the instant motion for sanctions

---

[1] Officer Balinger has not appeared in this action. (*See* Docket).

1

against Plaintiff pursuant to Federal Rule of Civil Procedure 37. (ECF No. 22, hereinafter "Mtn"). Plaintiff filed an untimely opposition on October 11, 2019. (ECF No. 30, hereinafter "Oppo."). The matter was set for hearing on October 21, 2019 and both parties appeared. (ECF No. 31). For the reasons stated herein, the Court **GRANTS IN PART** moving Defendants' motion.

## I. RELEVANT BACKGROUND

On March 4, 2019, the Court ordered the parties to "make the initial disclosures required by Fed.R.Civ.P. 26(a)" on or before April 17, 2019. (ECF No. 12). The Court held an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") on April 24, 2019. (*See* ECF No. 13).

On August 1, 2019, the parties filed a joint motion for determination of a discovery dispute. (ECF No. 20). Moving Defendants requested Plaintiff be compelled to produce his initial disclosures that were due pursuant to the Court's order on or before April 24, 2019. (*Id*. at 1-2). Plaintiff explained he thought his motion for extension of time filed May 13, 2019, which was granted, extended the deadline for disclosures. (*Id*. at 2-3). However, Plaintiff's motion for an extension of time did not seek an extension of the initial disclosures. (*See* ECF No. 15). Accordingly, on August 2, 2019, the Court ordered Plaintiff to serve his initial disclosures on moving Defendants no later than August 12, 2019. (ECF No. 21). The Court further noted that Plaintiff must properly serve all discovery requests upon Defendants in accordance with the applicable rules. (*Id*. at 2).

On September 9, 2019, moving Defendants filed the instant motion requesting the Court impose sanctions upon Plaintiff for failing to serve his initial disclosures as ordered by the Court on two occasions. (Mtn. at 2). The Court ordered Plaintiff to file an opposition to Defendants' motion, if any, by September 27, 2019. (ECF No. 24). On September 30, 2019, the Court set

the matter for hearing for October 21, 2019 and noted that Plaintiff had not yet filed an opposition. (ECF No. 29). On October 11, 2019, Plaintiff filed a response in opposition to Defendants' motion. (Oppo.).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1) requires a party "without awaiting a discovery request," to provide the other parties, as relevant here:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; [and]
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii).

Federal Rule of Civil Procedure 37(a)(3)(A) permits a party to seek sanctions when the other party fails to provide Rule 26(a) initial disclosures. Further:

> [if] a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure.

Fed. R. Civ. P. 37(c)(1)(A).

# III. ANALYSIS

Moving Defendants request the Court sanction Plaintiff for his failure to serve his initial disclosures by imposing terminating sanctions, excluding evidence not disclosed, or holding Plaintiff in contempt. (Mtn. at 2-5). Additionally, they request Plaintiff be required to pay their reasonable attorneys' fees associated with this motion. (*Id.* at 6). Plaintiff argues he was not required to serve his initial disclosures because he is only relying on the evidence he filed with his complaint. (Oppo. at 2). Plaintiff also attached motions requesting discovery. (*Id.* at 3-6).

## A. *Initial Disclosures*

Based on the factual background of this dispute, it is clear that Plaintiff failed to comply with the plain language of two of the Court's orders directing him to provide initial disclosures to moving Defendants. Plaintiff argues he was not required to serve initial disclosures upon moving Defendants because he attached all the evidence he intends to rely upon to his complaint. (Oppo. at 2). However, referencing the complaint is insufficient under Rule 26 because the complaint contains only allegations, whereas discovery is meant to provide verified factual information for use at trial or to support or oppose a motion. *See Davis v. Molina*, No. 1:14-cv-01554 LJO DLB PC, 2016 U.S. Dist. LEXIS 53031, at *6 (E.D. Cal. Apr. 19, 2016) (finding a plaintiff was not substantially justified in failing to provide initial disclosures to defendants and instead referring defendants to his initial pleadings and their attachments); *Holak v. Kmart Corp.*, No. 1:12-cv-00304 AWI MJS, 2014 U.S. Dist. LEXIS 78472, at *47-18 (E.D. Cal. June 5, 2014) ("Plaintiff's reference to [']putative class members, as alleged in the operative complaint' is insufficient disclosure under Rule 26 . . . ."); *Hash v. Cate*, No. C 08-03729 MMC (DMR), 2012 U.S. Dist. LEXIS 172715, at *10 (N.D. Cal. Dec. 5, 2012)

4

("Plaintiff may not refer to his complaint, because statements in a complaint are just allegations . . . ."). As a result, Plaintiff was not substantially justified for his non-disclosure.

Plaintiff further fails to meet his burden of showing that his failure to disclose was harmless, except with respect to witnesses listed in an affidavit attached to his original complaint. Plaintiff attached as Exhibit A to his original complaint an affidavit of "Paul Littech, Rick Freeman, Cheryl Bausch, Jim Browning, Michelle Johnson, and Clifford Rhodes" relating to the incident giving rise to Plaintiff's claims. (ECF No. 1-2). This affidavit also mentions a Linda Montgomery, who is also listed in the Second Amended Complaint. (*Id.* at 44; ECF No. 8 at 2). At the hearing, the Court noted that had Plaintiff disclosed these same names to moving Defendants, but did not have their addresses or contact information, moving Defendants would be in the same position they are in today. The Court also noted that many of these persons were interviewed by moving Defendants, which suggests they have last known addresses of these persons. For these reasons, the Court finds that Plaintiff's non-disclosure of "individual[s] likely to have discoverable information" pursuant to Rule 26(a)(1)(A)(i) is harmless.

However, Plaintiff failed to provide Defendant with any documents, or list describing documents, which he may use to support his allegation in the complaint of any computation of damages. Moving Defendants cannot be expected to guess the documents Plaintiff may use to prove his allegations. Merely referencing the complaint in this instance undermines the very purpose of providing initial disclosures. Moreover, the Second Amended Complaint is completely devoid of any specific computation of damages and moving Defendants have no way of guessing what Plaintiff's computation of each category of damages sought is. The substantial time and resources

expended by moving Defendants and the Court addressing this issue could have easily been avoided if Plaintiff simply provided moving Defendants with his initial disclosures as required by two Court orders. Accordingly, Plaintiff's non-disclosure of documents or a list describing documents he may use to support his claims and a computation of each category of damages pursuant to Rule 26(a)(1)(A)(ii)-(iii) is not harmless. Therefore, Plaintiff "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1)(A).

### B. Attorneys' Fees

Moving Defendants also request sanctions under Rule 37 in the amount of $1,518[2] for counsels' time spent on tasks related to the instant motion. (Mtn. at 6). Plaintiff did not respond to this request in his opposition. (*See* Oppo.). At the hearing, Plaintiff voiced his disagreement with the imposition of monetary sanctions. Thus, Plaintiff had two opportunities to be heard regarding moving Defendants' request for sanctions. However, as indicated previously, Plaintiff provided no justification for failing to make the Rule 26(a)(1) initial disclosures, despite being ordered to serve his initial disclosures on two occasions. As a result, the Court finds that moving Defendants are entitled to sanctions for the fees incurred by bringing the instant motion.

Senior Deputy County Counsel Sylvia S. Aceves, avers that County Counsel expended 6 hours of attorney time in drafting this motion at a cost of $1,518. (ECF No. 22-2 at 2). She further declares that the billing rate is

---

[2] Moving Defendants' initially requested $2,277 because they anticipated incurring 3 hours in preparing a reply brief. (*See* Mtn. at 6). However, moving Defendants did not file a reply brief. (*See* Docket).

$253 per hour. (*Id*.). The Court finds that the $1,518 in fees described in Ms. Aceves declaration is reasonable and that it is appropriate to order Plaintiff to pay moving Defendants the amount of $1,518 for his refusal to comply with the Federal Rules of Civil Procedure, and two Court orders. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("[W]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).").

### C. *Plaintiff's Discovery Requests*

In opposition to moving Defendants' motion, Plaintiff also seeks "the body worn camera of police dog Edo" and a copy of the "body worn camera footage of the entire incident" with audio. (Oppo. at 3-6). He also asks that "no evidence in this case . . . be disallowed, and that all documents and body worn camera evidence . . . be used as evidence and not barred from being used as said evidence." (*Id.* at 5). As indicated previously and as explained at the hearing, Plaintiff must properly serve all discovery requests upon Defendants in accordance with the applicable rules. (*See* ECF No. 21 at 2). As such, the Court Court **DENIES** Plaintiff's requests for discovery. (*See* Oppo. at 3-6).

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** moving Defendants' motion for sanctions as follows:

1. Plaintiff is precluded from using witnesses other than Paul Littech, Rick Freeman, Cheryl Bausch, Jim Browning, Michelle Johnson, and Clifford Rhodes and Linda Montgomery to supply evidence on a motion, at a hearing, or at a trial, unless the use would be solely for impeachment

2. Plaintiff is precluded from using documents, electronically stored information, and tangible things in his possession, custody, or control, to

7

support his claims or defenses, to supply evidence on a motion, at a hearing, or at a trial, unless the use would be solely for impeachment;

    3.    Plaintiff is precluded from using a computation of each category of damages claimed to supply evidence on a motion, at a hearing, or at a trial; and

    4.    Plaintiff must pay the County of San Diego $1,518.00 no later than **November 25, 2019.**

Any party may serve and file objections to this Order on or before **November 8, 2019**.[3]

**IT IS SO ORDERED**.

Dated: October 22, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge

---

[3] Federal Rule of Civil Procedure 72(a) permits a party to file objections "to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Because Plaintiff is *pro se*, the Court has included 3 days for mailing. As such, any opposition by Plaintiff must be filed and on the docket by November 8, 2019.