UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY EDWIN HILL,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ALPINE SHERIFF DEPARTMENT, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  18cv2470-CAB-MDD<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 49]** |

**PROCEDURAL BACKGROUND**

On March 5, 2018, Plaintiff Percy Edwin Hill (Plaintiff) filed a complaint against Defendants in state court regarding an alleged incident that occurred on November 23, 2017 at a property managed by Plaintiff.  [Doc. No. 1-2.]  Plaintiff claims, among other things, that the Defendant officers unlawfully assaulted him.  [*Id.*] When Plaintiff filed the complaint, he was a non-prisoner proceeding *pro se*.  The case was later removed to this Court.  Continuing in his *pro se* status, on January 30, 2019, Plaintiff filed a Second Amended Complaint ("SAC") [Doc. No. 8], which the Defendants answered on February 14, 2019 [Doc. No. 10].  Thereafter the parties participated in an Early Neutral

Evaluation Conference [Doc. No. 13] and, when the case did not settle, a Scheduling Order was issued [Doc. No. 14].

On September 9, 2019, Defendants filed a Motion for Rule 37 Sanctions against Plaintiff for failing to serve his initial disclosures. [Doc. No. 22.] Following a hearing on Defendants' Motion before Magistrate Judge Dembin, the Court imposed several evidentiary sanctions and ordered Plaintiff to pay the County of San Diego $1,518.00 as monetary sanctions no later than November 25, 2019. [Doc. No. 32.] The Court specified that any party could serve and file objections to the Order on or before November 8, 2019. Plaintiff has not filed an objection to the Court's Order and has not made any payments to the County of San Diego.

On January 24, 2020, Defendants filed a status report stating that Defendants had become aware that Plaintiff has been incarcerated in the Mohave County Jail since at least October 28, 2019. [Doc. No. 35.] However, Plaintiff had not informed the Court of any change of address. Therefore, on January 31, 2020, this Court issued an order vacating all pretrial dates, setting a status conference for April 10, 2020 and ordering Plaintiff to appear in person. [Doc. No. 36.] On April 3, 2020, due to the COVID 19 Public Emergency, the status conference was converted to a telephonic conference, and all parties were given instructions on how to connect to the telephonic hearing. [Doc. No. 37.] On April 10, 2020, Plaintiff failed to appear at the telephonic status hearing and the case was dismissed. [Doc. No. 38.]

On June 16, 2020, Plaintiff filed a motion for appointment of counsel under the assumption that his case was still pending. [Doc. No. 41.] In that motion, Plaintiff indicated that he was at a different address. The docket was amended to reflect his Plaintiff's new address, the motion for counsel was denied without prejudice, and the clerk sent Plaintiff a copy of the Court's order of April 10, 2020. [Doc. No. 42.]

On July 10, 2020, Plaintiff filed a Motion to Not Dismiss My Case, which the Court deemed a motion for relief from judgment or order pursuant to Fed.R.C.P. Rule 60. [Doc. Nos. 43, 44.] On July 14, 2020, the motion for relief was granted and the case was

reopened. [Doc. No. 45.]

On July 27, 2020, Plaintiff filed the pending motion for appointment of counsel indicating that he continues to be incarcerated in Arizona. [Doc. No. 49.]

## DISCUSSION

Plaintiff asks the Court to appoint counsel for him because he is indigent, incarcerated, the issues in the case are complex, and he has limited access to a law library. [Doc. No. 49.]

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is exercised only in "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

The Court denies Plaintiff's request without prejudice at this time because nothing in either his SAC or his Motion to Appoint Counsel suggests he is incapable of articulating the factual basis for his claims. *Id.* In addition, Plaintiff has articulated coherent arguments when filing motions and responses to motions. *See e.g.* Doc. Nos. 15, 30, 41, 44.]

At the same time, Plaintiff's SAC, by itself, does not yet demonstrate a "likelihood" of success on the merits. *Id.* Therefore, the Court finds no "exceptional circumstances" exist to justify the appointment of counsel at this time. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner was able to articulate his inadequate medical care claims in light of the complexity of the

issues involved, but found unlikely to succeed on the merits).

## CONCLUSION

For the reasons set forth above, the Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: July 28, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge