1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY HILL also known as PERCY EDWIN STOCKTON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br><br>ALPINE SHERIFF DEPARTMENT, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-2470-CAB-MDD<br><br>**AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

　　A Status Conference was held on **August 12, 2020**.  After consulting with Plaintiff and the attorneys of record and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

　　1.　　Discovery is open until **October 11, 2020** for the sole purpose of Defendants obtaining Plaintiff's deposition. Plaintiff is required to sit for deposition in San Diego, California.  The parties are required to meet and

confer to determine an appropriate date. Regarding disputes during depositions, the parties are advised to see Magistrate Judge Dembin's Civil Chambers Rule V(B).

2. The Court hereby extends the payment of Court Ordered sanctions on Plaintiff, in the sum of $1,518.00, filed on October 22, 2019 (ECF No. 32), to be paid no later than the Pre-Trial Conference. Plaintiff is ordered to pay Defendants no later than **March 19, 2021.**

3. All pre-trial motions, other than *Daubert* motions, motions to amend or join parties, or motions *in limine*, shall be filed on or before **November 11, 2020**. All *Daubert* motions shall be filed on or before **November 11, 2020**. Counsel for the moving party shall set the motion date on the date that is 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Bencivengo's chambers for a hearing date. The parties should review Judge Bencivengo's chambers rules for civil cases for the additional requirements for noticed motions before Judge Bencivengo.

Pursuant to Local Rule 7.1.f.3.c, if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

4. A Mandatory Settlement Conference shall be conducted on **October 20, 2020** at **9:30 AM** in the chambers of **Magistrate Judge Mitchell D. Dembin**. Counsel shall lodge confidential settlement briefs directly to chambers by **October 13, 2020**. All parties are ordered to read and to fully

comply with the Chamber Rules of the assigned magistrate judge.

5. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **March 19, 2021**. Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. In jury trial cases before the Honorable Cathy Ann Bencivengo, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

7. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **February 26, 2021**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

> 1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.
> 2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.
> 3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 3(c). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
> 4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are

>to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.
>4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.
>5. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.
>6. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.
>7. Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

    8. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **March 5, 2021**. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

    9. The proposed pretrial order shall be lodged with the district judge's chambers on or before **March 12, 2021**, and shall be in the form prescribed in Local Rule 16.1.f.6.

    10. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cathy Ann Bencivengo** for **March 19, 2021** at **2:30 PM**.

    11. The trial in this matter shall commence on Monday, **April 12, 2021** at **8:45 a.m.**

    12. Plaintiff's counsel shall serve a copy of this order on all parties that

enter this case hereafter.

The **CLERK OF COURT** is instructed to update Plaintiff's contact information on the docket, as follows:

1) Address: 5212 W. Destiny Way, Golden Valley, AZ 86413

2) Phone: (928) 727-6686

3) Email: Percystockton1963@gmail.com

The **CLERK OF COURT** is further instructed to mail plaintiff a copy of this order.

**IT IS SO ORDERED.**

Dated:   August 12, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge

Protective Orders and Requests to File under Seal in Civil Cases

Although the Court acknowledges the parties' desire to maintain the confidentiality of documents produced in discovery, "[w]hen discovery material is filed with the court [] its status changes." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). The public policy reasons behind a presumption of access to judicial documents apply. *Id.* The common law and the Constitution afford the public a qualified right of access to judicial records and proceedings. *Times Mirror Co. v. U.S.,* 873. F.2d 1210, 1211 n.1 (9th Cir. 1989); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

In the Ninth Circuit there is a strong presumption in favor of access to court records and a party must show **compelling reasons** to file materials under seal as part of a non-discovery motion, even if they were produced subject to a discovery protective order. *See Foltz*, 331 F.3d at 1135-36. Once the protected discovery documents are made part of a dispositive [or non-discovery] motion, "they lose their status of being raw fruits of discovery" and no longer enjoy protected status without some overriding interests in favor of keeping the material confidential. *See id.*, at 1136.

Court records should be sealed to keep confidential only what must be kept secret, temporarily or permanently, as the situation requires. The party seeking to file under seal must provide articulable facts showing a compelling reason to limit public access to court filings. That a litigant might be embarrassed or exposed to additional liability or litigation, without more, is not sufficient. *Foltz,* 331 F.3d at 1136. A court's decision to seal material must be based on a compelling reason and the order allowing a filing under seal must articulate the factual basis for its ruling without relying on hypothesis or conjecture. *Pintos,* 605 F.3d at 679. "A 'good cause' showing will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Id.* (citing *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006)).

Because the party that designated material as confidential should have the burden (and expense) of moving to file such documents under seal, the following procedures shall apply when a party intends to file a non-

discovery motion before Judge Bencivengo that cites to or attaches documents designated confidential.

1. If the party filing the motion (or opposition thereto) intends to cite or attach documents or information that it believes should be filed under seal, the moving party must file a motion for permission to file under seal at least **seven calendar days** prior to the date on which it intends to file the motion. A courtesy copy of the motion for permission to file under seal, along with a courtesy copy of the unredacted materials that the party wants to file under seal, shall be delivered to Judge Bencivengo's Chambers within 24 hours of filing. After receiving a ruling from the Court on the motion for permission to file under seal, the party may file its substantive motion (or opposition) consistent with the Court's order.

2. If the party filing the motion (or opposition thereto) intends to cite or attach documents or information that another party has designated as confidential pursuant to a protective order entered in the case, it shall serve notice to the designating party by email, no later than **eight business days** prior to the date it intends to file the motion, specifically identifying the documents and information it is contemplating using in connection with the motion. The designating party shall then have **four business days** from the date of the notice to file a motion seeking permission for the documents and information to be filed under seal. A courtesy copy of the motion for permission to file under seal, along with a courtesy copy of the unredacted materials that the party wants to file under seal, shall be delivered to Judge Bencivengo's Chambers within 24 hours of filing. After receiving a ruling from the Court on the motion for permission to file under seal, the party may file its substantive motion (or opposition) consistent with the Court's order. If the designating party does not timely file a motion for permission to file under seal, the confidential designation will be deemed waived, and the party seeking to use the documents or information shall file it publicly in connection with its motion or opposition.