UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Percy Hill,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Alpine Sheriff Department, et al.,<br><br>　　　　　　　Defendant. | Case No.: 18cv2470-CAB-MDD<br><br>**ORDER DENYING MOTION TO REMOVE MAGISTRATE JUDGE AND VACATE ORDER [Doc. No. 54]** |

On August 28, 2020, Plaintiff filed a Motion to Remove Magistrate Judge and Vacate Order (hereinafter the "motion to remove") [Doc. No. 54], which this Court deemed to be an objection pursuant to Fed.R.Civ.P. Rule 72 to Magistrate Judge Dembin's order granting in part Defendants' motion for sanctions (hereinafter the "Sanctions Order) [Doc. No. 32]. [*See* Doc. No. 55.][1] On September 18, 2020, Defendants filed an opposition to the motion to remove. [Doc. No. 61.] On September

---

[1] Plaintiff also requests that Magistrate Judge Dembin be "removed" from this case for being "overtly biased." [Doc. No. 54.] The only basis for Plaintiff's request is his dissatisfaction with Magistrate Judge Dembin's ruling in the Sanctions Order. However, being dissatisfied with the Court's rulings is not grounds for judicial recusal. *See* 28 U.S.C. §455(a); *Liteky v. United States*, 510 U.S. 540, 553 (1994). Therefore, this request is denied.

25, 2020, Plaintiff filed a reply.  [Doc. No. 62.]  For the reasons set forth below, the motion to remove is **DENIED**.

## PROCEDURAL HISTORY

On March 21, 2019, Magistrate Judge Dembin entered an order requiring the parties to make their initial disclosures prior to the April 24, 2019 Early Neutral Evaluation and Case Management Conference. [Doc. No. 12.]  Plaintiff never served his initial disclosures on defense counsel. When the parties met and conferred regarding this issue, Plaintiff could not provide a timeframe for when he would serve them. As a result, on August 1, 2019, Defendants filed a Joint Motion for Determination of Discovery Dispute. [Doc. No. 20.] On August 2, 2019, Magistrate Judge Dembin entered an order requiring Plaintiff to serve his initial disclosures on Defendants no later than August 12, 2019. [Doc. No. 21.]

On September 9, 2019, Defendants filed a Motion for Rule 37 Sanctions against Plaintiff for failing to serve his initial disclosures. [Doc. No. 22.] Magistrate Judge Dembin ordered Plaintiff to file any opposition to Defendants' motion on or before September 27, 2019. [Doc. No. 24.] Plaintiff never filed an opposition, and the Court set the matter for hearing. [Doc. No. 29.]

On October 21, 2019, Magistrate Judge Dembin held a hearing on Defendants' Motion, and Plaintiff personally appeared at the hearing.  [Doc. No. 31.]  On October 22, 2019, Magistrate Judge Dembin issued an order granting in part the motion for sanctions, imposed several evidentiary sanctions and ordered Plaintiff to pay the County of San Diego $1,518.00 as monetary sanctions no later than November 25, 2019 (hereinafter the "Sanctions Order"). [Doc. No. 32.] Magistrate Judge Dembin also specified that any party could serve and file objections to the Sanctions Order on or before November 8, 2019. [Doc. No. 32 at 8.]  Plaintiff did not file an objection to the Sanctions Order before November 8, 2019.

In the meantime, it appears that Plaintiff was incarcerated on October 25, 2019. [Doc. No. 35.]  He failed to keep the Court apprised of his mailing address and, after

failing to appear for several court hearings and failing to respond to discovery, the case was dismissed on April 10, 2020. [Doc. No. 38.]  On July 10, 2020, Plaintiff filed a motion for relief from judgement pursuant to Fed.R.Civ.P. Rule 60 (the "Rule 60 motion") [Doc. No. 44.]  On July 14, 2020, the Court granted the Rule 60 motion and the case was reopened. [Doc. No. 45].

On August 12, 2020, the parties appeared at a Telephonic Status Conference before Magistrate Judge Mitchell D. Dembin. [Doc. No. 51.]  Shortly thereafter, Plaintiff filed the motion to remove.

## DISCUSSION

A. Legal Standard.

Under Rule 72(a), a party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order.  FED. R. CIV. P. 72(a). District court review of magistrate judge orders on non-dispositive motions is limited.  A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).  "Under this standard of review, a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002).

The threshold of the "clearly erroneous" test is high and significantly deferential. "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004).  In

comparison, a magistrate judge's order is contrary to law if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard. *See Hunt v. Nat' Broad. Co.*, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

B.  Analysis.

Here, the motion to remove, which this Court deems an objection to Magistrate Judge Dembin's Sanctions Order, is untimely.  Fed.R.Civ.P. Rule 72(A).  While it appears Plaintiff may have been incarcerated when the objections to the Sanctions Order were due, he waited almost one year from the issuance of the Sanctions Order to file objections.

Nevertheless, even if his objections had been timely, Plaintiff has failed to show that the Sanctions Order was "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A).  Magistrate Judge Dembin ordered Plaintiff to serve initial disclosures on several occasions. [Doc. Nos. 12, 21.] Plaintiff's argument at the time was that he did not understand why he had to serve initial disclosures, as everything was contained in his complaint. [Doc. No. 30 at 1.] However, Magistrate Judge Dembin explained to Plaintiff why he could not merely rely on the allegations and exhibits to his complaint. [Doc. No. 32 at 4-5.] Nevertheless, Plaintiff failed to serve his initial disclosures.

Now, in this motion to remove, Plaintiff continues to argue that he should not have to comply with the initial disclosure rules because all the evidence is in his complaint. [Doc. No. 54 at 1; Doc. No. 62 at 1.] As Magistrate Judge Dembin previously explained to Plaintiff, reliance on exhibits submitted with his complaint is insufficient.  Fed.R.Civ.P. Rule 26(a)(1); *Davis v. Molina*, No. 1:14-cv-01554 LJO DLB PC, 2016 W.L. 1587022, *2 (E.D. Cal., August 19, 2016) (finding a plaintiff was not substantially justified in failing to provide initial disclosures to defendants and instead referring defendants to his initial pleadings and their attachments).  Moreover, the fact that Plaintiff is pro se does not negate his obligation to comply with the rules and with Court orders. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)("Although we construe pleadings liberally in their favor, pro se

litigants are bound by the rules of procedure.")  As a result, Plaintiff has failed to show that the Magistrate Judge's order was "clearly erroneous" or "contrary to law."

## CONCLUSION

For the reasons set forth above, the motion for removal is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 2, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge