UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PERCY HILL also known as PERCY EDWIN STOCKTON,

Plaintiff,

v.

ALPINE SHERIFF DEPARTMENT, et al.,

Defendants.

Case No.: 18cv2470-CAB-MDD

**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS**

[ECF No. 69]

This Report and Recommendation is submitted to United States District Judge Cathy Ann Bencivengo pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Defendants' motion for terminating sanctions[1] be **GRANTED** and this case be **DISMISSED WITH PREJUDICE**.

[1] Defendants caption their motion as a motion to dismiss pursuant to FRCP 41(b), or alternatively to compel Plaintiff to be deposed. Based on the substance of Defendants' arguments, the Court construes the motion as a motion for terminating sanctions.

## I. INTRODUCTION

Percy Hill ("Plaintiff"), proceeding *pro se*, filed the operative Second Amended Complaint against Defendants County of San Diego, Eric Garcia, Cathy Allister, Freddy Herrero, Matthew Addenbrooke, and Officer Balinger[2] (collectively, "Defendants") on January 30, 2019. (ECF No. 8). Plaintiff alleges excessive force under 42 U.S.C. §1983 and negligence. (*Id.*).

Presently before the Court is Defendants' motion for terminating sanctions on the ground that Plaintiff failed to appear for his deposition on September 15, 2020 in violation of court orders and Federal Rule of Civil Procedure 30. (ECF No. 69, hereinafter "Mtn."). Alternatively, Defendants request the Court compel Plaintiff to appear for deposition immediately. (*Id.*) Defendants further move the Court for reasonable expenses incurred due to Plaintiff's failure to appear at the deposition. (*Id.*) Plaintiff filed an opposition on December 2, 2020 in which he claims economic hardship and requests to be deposed by remote means. (ECF No. 71, hereinafter "Oppo.").

## II. RELEVANT BACKGROUND

On March 21, 2019, the Court ordered the parties to make initial disclosures as required by Fed. R. Civ. P. 26(a) prior to the Early Neutral Evaluation Conference set for April 24, 2019. (ECF No. 12). The Court issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings on April 25, 2019. (ECF No. 14). On May 13, 2019, Plaintiff filed a motion for a sixty-day continuance of the deadlines relating to amending the pleadings, expert disclosures, contradictory or rebuttal disclosures, and the deadline for all discovery. (ECF No. 15). The Court granted the motion in part, extending the deadlines for expert disclosures,

---

[2] Officer Balinger has not appeared in this action. (*See* Docket).

contradictory or rebuttal disclosures, and the deadline for all discovery, by sixty days. (ECF No. 19).

On August 1, 2019, the parties filed a joint motion for determination of a discovery dispute in which Defendants requested that the Court compel Plaintiff to produce his overdue initial disclosures. (ECF No. 20). On August 2, 2019, the Court ordered Plaintiff to serve his initial disclosures on Defendants by August 12, 2019. (ECF No. 21). The Court reminded Plaintiff that he must properly serve all discovery requests upon Defendants in accordance with the applicable rules. (*Id.* at 2). Plaintiff did not provide his initial disclosures. On September 9, 2019, Defendants filed a Motion for Sanctions against Plaintiff. (ECF No. 22). The Court granted the motion in part, ordering Plaintiff to pay the County of San Diego $1,518.00 by November 8, 2019. (ECF No. 32). To date, Plaintiff has not served initial disclosures upon Defendants. (ECF No. 69-1 at 3).

On April 10, 2020, Judge Cathy Ann Bencivengo dismissed this case without prejudice. (ECF No. 38). The case was dismissed due to Plaintiff's failure to prosecute, failure to appear at a telephonic hearing on April 10, 2020, and failure to contact the Court or counsel for Defendants. (*Id.*). Plaintiff moved the Court to reopen the case which the Court deemed a motion for relief from judgment or order pursuant to Fed. R. Civ. P. 60. (ECF No. 45). In consideration of Plaintiff's statement that he was incarcerated since October 25, 2019 and had attempted to contact Defendants' counsel and the Court to provide his updated address, the case was reopened. (*Id.*). The Court noted that it was not informed of Plaintiff's updated address until June 16, 2020 even though Plaintiff was required to provide the Court and opposing parties with his current address. (ECF No. 45). Thereafter, the Court extended the November 8, 2019 deadline for Plaintiff to pay the Court

ordered sanctions to March 19, 2021. (ECF No. 52).

At a Telephonic Status Conference on August 12, 2020, the Court instructed Plaintiff that he would have to travel to San Diego for his deposition. (ECF No. 60). The Court extended the discovery period to October 11, 2020 "for the sole purpose of Defendants obtaining Plaintiff's deposition" and to give Plaintiff additional time to travel to San Diego. (ECF Nos. 52; 60). Defendants then served Plaintiff with a deposition notice via mail on August 17, 2020 for September 15, 2020. (ECF No. 69-1 at 8-11).

On September 3, 2020, Plaintiff filed a motion to be deposed remotely, arguing he lacked the means necessary to travel to San Diego. (ECF No. 57). Defendants filed a response in opposition. (ECF No. 59). The Court considered the circumstances and denied the request. The Court explained that, absent agreement of the parties, Plaintiff must attend his deposition in person in San Diego. (ECF No. 60). The Court noted that Plaintiff filed suit in San Diego and then voluntarily relocated to Arizona. (*Id.*). Further, the Court instructed Plaintiff at the August 12, 2020 Status Conference that the deposition would be in San Diego and that the Court extended the discovery deadline to give Plaintiff more time to travel to San Diego. (*Id.*). Plaintiff did not object to the Court's order. (*See* Docket).

When counsel for Defendants attempted to confirm Plaintiff's appearance at the September 15, 2020 deposition, Plaintiff informed her that he would not be appearing. (ECF No. 69-1 at 16). In attempt to reschedule the deposition at a convenient date for Plaintiff, counsel for Defendants asked Plaintiff when he would appear. (*Id.).* Plaintiff "indicated he would appear in San Diego on the 5th of 'Neverary'" and then hung up the call prematurely. (*Id.*). Plaintiff did not appear for his properly noticed deposition in San Diego on September 15, 2020. (*Id.* at 12-18). To date, Plaintiff's deposition has not

been taken. (*Id.* at 3).

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 37(d) authorizes the Court "to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). The Court may sanction the party by "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence," "staying further proceedings" until the party has complied with discovery requirements, and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(3) (incorporating sanctions from Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)).

Rule 37 allows for terminating sanctions that dismiss a plaintiff's action where there has been willfulness, bad faith, or fault. Fed. R. Civ. P. 37(b)(2)(A)(v); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (internal quotation marks omitted). Courts may consider not only the effect of sanctions on the party being disciplined, but also the deterrent effect on future litigants and their counsel. *Nat'l Hockey League*, 427 U.S. at 643.

In determining whether to dismiss an action pursuant to Rule 37, the Court considers: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Ninth Circuit courts consider

these same factors when deciding whether it is appropriate to dismiss a case for lack of prosecution under Fed. R. Civ. P. 41. *In re Eisen,* 31 F.3d 1447, 1451 (9th Cir. 1994).

## IV. DISCUSSION

Defendants move the Court to dismiss Plaintiff's case for noncompliance with court orders and for failure to appear at his deposition. (Mtn.). In opposition, Plaintiff requests to be deposed by remote means.[3] (Oppo.).

### A. Willfulness, Bad Faith, or Fault

Disobedient conduct not shown to be outside the party's control is sufficient to establish willfulness, bad faith, or fault. *Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir. 2003) (citing *Hyde & Drath v. Baker,* 24 F.3d 1162, 1166 (9th Cir. 1994)). Wrongful intent is not required. *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014). "Delay, failure to appear for depositions, failure to answer interrogatories resulting from a party being out of town, and misunderstanding a party's own counsel are not matters outside of a party's control." *Nat'l Corporate Tax Credit Funds III v. Potashnik*, No. CV 07-3528 PSG (FMOx), 2010 U.S. Dist. LEXIS 19614, at *13 (C.D. Cal. Feb. 4, 2010) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993)).

Plaintiff has not demonstrated that his repeated failure to comply with this Court's orders to provide his initial disclosures and sit for his deposition

---

[3] Plaintiff cites the COVID-19 pandemic and expanded use of telephonic hearings and court proceedings as a further reason the Court should permit him to be deposed telephonically. (Oppo.). Plaintiff has not expressed any health or safety concerns regarding the deposition. In his prior Motion to Schedule Defense Deposition Telephonically, filed on September 3, 2020, Plaintiff made no mention of concerns related to COVID-19. (ECF No. 57). Accordingly, this case is distinct from other recent cases in which parties have requested remote depositions due to safety concerns related to COVID-19.

in San Diego was "outside his control." *See Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir. 1994).

Plaintiff argues his noncompliance is caused by financial hardship. (Oppo.). The Court already considered Plaintiff's financial circumstances and granted Plaintiff additional time to travel to San Diego from Arizona for his deposition. (ECF No. 60). Plaintiff made no attempt to appear for his noticed deposition in San Diego, California and has refused to cooperate with Defense counsel to reschedule the deposition for a later date. (ECF No. 69-1 at 3) ("Defendants' counsel made several efforts to meet and confer with Plaintiff regarding a convenient date for his deposition, reminding him of the Court's Order that he appear in person….Plaintiff refused to provide a date on which he could travel to San Diego for his deposition."). Additionally, Plaintiff did not object to the Court's Order requiring the deposition to be taken in San Diego. As such, the Court finds Plaintiff's failure to appear for his deposition pursuant to court orders was within his control, and therefore sufficient to establish willfulness, bad faith, or fault, such that terminating sanctions are warranted. *See Diaz v. Vigil*, No. 1:03-cv-05108-OWW-LJO PC, 2007 U.S. Dist. LEXIS 11709 (E.D. Cal. Feb. 6, 2007) (granting Defendant's motion for terminating sanctions where *pro se* plaintiff who was deported to Mexico failed to appear for his noticed deposition in Sacramento and "expressed no willingness to make arrangements to be deposed.").

**B. Five-factor Test**

The Court next considers whether terminating sanctions are appropriate.

    **1. The Public's Interest in Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always

favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case has been pending since 2018 and has over 70 docket entries in what should be a relatively straightforward excessive force and negligence claim. (*See* Docket). As such, this factor favors dismissal.

**2. The Court's Need to Manage its Docket**

The second factor weighs in favor of dismissal where the Court is required to address a litigant's failure to comply with discovery obligations. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." *Thompson v. Housing Authority of Los Angeles*, 782 F. 2d 829, 831.

This action was removed to federal court on October 26, 2018. (ECF No. 1). On April 25, 2019, the Court filed a Scheduling Order regulating discovery and other pre-trial proceedings. (ECF No. 14). The case has not moved beyond the discovery phase. This is Defendants' second motion for sanctions regarding Plaintiff's failure to comply with the Court's discovery orders. Moreover, Defendants' motions were brought in good faith. The Court's ability to efficiently manage its docket will be impaired if this case is not dismissed. Accordingly, this factor favors dismissal.

**3. The Risk of Prejudice to Defendant**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan* at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). Though the pendency of a lawsuit on its own is insufficient prejudice to warrant dismissal, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643 (citing *Sibron v. New*

*York*, 392 U.S. 40, 57 (1968)). Plaintiff's conduct in failing to appear for his deposition and failing to provide his initial disclosures has prevented Defendants from ascertaining the necessary facts to defend against his claims. This factor favors dismissal.

**4. The Public Policy Favoring Disposition of Cases on Their Merits**

The fourth factor—public policy favoring disposition of cases on their merits—is strong and weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. However, this factor "lends little support" where the behavior of the party against whom dismissal is sought impeded disposition on the merits. *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). The public policy favoring disposition of cases on their merits is not furthered by litigants who refuse to provide discovery needed for preparation of a defense. *Sanchez*, 298 F.R.D. at 465.

Plaintiff's failure to attend his deposition and to serve his initial disclosures on Defendants, in direct defiance of the Court's orders, has delayed the discovery process and has prevented this case from moving toward a resolution on the merits. Accordingly, the Court finds that this factor does not weigh against dismissal.

**5. The Availability of Less Drastic Sanctions**

A district court must consider the impact of a sanction and whether a less severe sanction would adequately address a party's failure to engage in the discovery process. *Malone*, 833 F.2d at 131-32. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court has considered lesser sanctions, but no lesser sanction is

warranted. Plaintiff has expressed that he is unwilling to attend a deposition in San Diego at any future date, despite having been ordered to do so by the Court. (ECF No. 69-1 at 16) (declaring that Plaintiff said he would attend a deposition on the 5th of "Neverary"). The Court has already ordered Plaintiff to pay monetary sanctions as a consequence of his failure to serve his initial disclosures on Defendants. (ECF No. 32). Additional monetary sanctions would be ineffective because of Plaintiff's likely inability to pay. (Oppo.). The Court admonished Plaintiff about his discovery obligations and warned him about the consequences of noncompliance, but Plaintiff has indicated no intent to comply with any rulings or orders by the Court. The Court finds that there are no other, lesser sanctions that would be satisfactory or effective.

**6. Conclusion**

Upon due consideration of the five factors, the Court finds dismissal of this case is warranted.

## V. MONETARY SANCTIONS

Defendants request the imposition of monetary sanctions in addition to terminating sanctions. (Mtn. at 2). As monetary sanctions, Defendants request $1,265.00 as fees and costs associated with the time spent preparing this motion. (*Id.*).

Federal Rule of Civil Procedure 37 requires "the party failing to act…to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

As noted, Plaintiff is proceeding *pro se* and has repeatedly described his precarious financial circumstances. (ECF Nos. 57; 71). As such, it is unlikely Plaintiff would be capable of paying the reasonable expenses caused by his

failure to appear for his deposition in San Diego. Accordingly, it would be unjust to impose additional monetary sanctions in this instance.

## VI. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendants' motion for terminating sanctions be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED** that no later than **February 9, 2021**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 16, 2021**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1988).

**IT IS SO ORDERED.**

Dated: January 21, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge